Filed 6/21/22 P. v. Kidd CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFRED RENAY KIDD,<br><br>    Defendant and Appellant. | E078430<br><br>(Super.Ct.No. RIF1900271)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed with directions.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Alfred Renay Kidd appeals the judgment of the Riverside County Superior Court entered upon its acceptance of his plea agreement. We will affirm.

1

## BACKGROUND

Defendant entered into a plea agreement in which he pled guilty to a felony charge of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and a misdemeanor charge of driving under the influence of alcohol (Veh. Code § 23152, subd. (a)). He also admitted a strike prior of assault with a firearm (Pen. Code, § 245, subd. (a)(2)). The other charges and enhancements alleged in the information were to be dismissed by the prosecutor. Included in the terms of defendant's agreement were a six-year sentence for the Penal Code violation, a concurrent six-month term for the Vehicle Code offense, a $300 restitution fee, and his waiver of any right to appeal he may have.

The following day, defendant moved to withdraw his plea. At the hearing on his motion, defendant amended his original plea to withdraw his admission of assault with a firearm and instead admitted to a prior strike of forcible rape (Pen. Code, § 261, subd. (a)(2)), which had also been alleged in the information. The court entered the previous plea along with the amended admission of the prior strike. It then ordered the agreed-upon sentence, including the $300 restitution fee, and gave defendant credit of 2,096 days for time served. It also imposed without objection an $80 operations assessment, a $60 conviction fee, and imposed and stayed a $300 parole revocation fee.

Defendant appealed. He did not request a certificate of probable cause.

**DISCUSSION**

Defendant's appointed appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts.

Counsel asks this court to review the record for error and suggests five potentially arguable issues: (i) whether defendant's guilty plea is constitutionally valid; (ii) whether his waiver of the right to appeal is valid; (iii) whether there is a sufficient factual basis for his plea; (iv) whether the sentence imposed was proper; and, (v) whether the court erred when it failed to consider defendant's ability to pay the fines and fees it imposed.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. We did notice, however, that section 4 of the abstract of judgment form (Judicial Council form CR-290, "Felony Abstract of Judgment – Determinate") is not complete. Although the box indicating "to prison per 1170(a), 1170.1(a) or 1170(h) due to" is checked, the box indicating "current or prior serious or violent felony" should have been checked, but was not. In addition, the box indicating "per PC 667(b)-(i) or PC 1170.12 (strike prior)" should have been checked, but was not.[1]

---

[1] It was proper for the clerk not to include any reference to defendant's imposed local jail time. When the sentence for a misdemeanor is to run concurrently with a prison term, the misdemeanor is not to be listed on the form (but will, of course, be noted in the

*[footnote continued on next page]*

## DISPOSITION

The judgment is affirmed with instructions to the superior court clerk to amend item 4 of the abstract of judgment to place an "x" or a check mark in two boxes: (i) the box appearing immediately before the phrase, "current or prior serious or violent felony," and (ii) the box appearing immediately before the phrase "per PC 667(b)-(i) or PC 1170.12 (strike prior)." The clerk is to forward a certified copy of the amended abstract of judgment to the Director of the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.

---

sentencing minutes). (See, Milstead & Taylor, San Diego Superior Court Operations Training, The Abstract of Judgment Manual (2009), p. 6.5.)

4